**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CATHY ZOCCOLI, | No. CV-08-1339-PHX-GMS |
| Plaintiff, | **ORDER** |
| vs. | |
| DBSI, INC.; and DBSI REAL ESTATE L.L.C., | |
| Defendants. | |

Pending before the Court is the Motion to Dismiss of Defendants DBSI, Inc. and DBSI Real Estate LLC. (Dkt. # 5.) For the reasons set forth below, the Court denies Defendants' motion.[1]

**BACKGROUND**

The following facts are derived from Plaintiff's Complaint and are taken as true for purposes of this motion. Plaintiff Cathy Zoccoli is a woman and a former employee of both Defendant DBSI Inc. ("DBSI") and DBSI Real Estate, LLC. ("DBSI Real Estate"). DBSI employed Plaintiff as a Facilities Manager from September 29, 2005, until February 25,

---

[1] Defendants have requested oral argument. The request is denied because the parties have thoroughly discussed the law and the evidence, and oral argument will not aid the Court's decision. *See Lake at Las Vegas Investors Group, Inc. v. Pac. Malibu Dev.*, 933 F.2d 724, 729 (9th Cir. 1991).

1  2008.  When Plaintiff was hired, she assumed that position, which had been vacated by a
2  prior employee, Don Shepherd.  DBSI Real Estate employed Plaintiff as a real estate agent
3  from September 29, 2005, until February 25, 2008, and as a Designated Broker from March
4  1, 2006, until January 23, 2008.  DBSI compensated Plaintiff in the form of a salary while
5  DBSI Real Estate compensated Plaintiff in the form of commissions.

6  During the time that Plaintiff worked for DBSI, Jeff Roesch was also employed by
7  DBSI as a Facilities Manager.  The duties assigned to Plainitff, Roesch, and Shepherd
8  "required the same skill, effort and responsibilities" (Dkt. # 1 ¶¶17, 21), and the duties were
9  "done under similar working conditions."  (*Id.*)  Despite working in comparable positions,
10 Plaintiff was compensated at a rate less than the rate at which Shepherd and Roesch were
11 compensated.  Plaintiff alleges that this discrepancy was "not based on a seniority system,
12 a merit system, a system which measures earning by quantity or quality of production, or a
13 differential based on any other factor other than sex."  (*Id.* ¶¶ 19, 23.)

14 On July 21, 2008, Plaintiff filed her complaint alleging that Defendant DBSI violated
15 the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d), and alleging a state law wage claim against
16 DBSI Real Estate.  (Dkt. # 1 ¶¶ 1, 3.)  Shortly thereafter, on August 18, 2008, Defendants
17 filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) seeking dismissal
18 of Plaintiff's EPA claim and requesting that the Court not retain jurisdiction over the state
19 law wage claim.  (Dkt. # 5.)

## DISCUSSION

**I.      Federal Rule of Civil Procedure 12(b)(6) Standard of Review**

22 To survive a dismissal for failure to state a claim pursuant to Rule 12(b)(6), a
23 complaint must contain more than a "formulaic recitation of the elements of a cause of
24 action"; it must contain factual allegations sufficient to "raise the right of relief above the
25 speculative level." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007).  "The pleading
26 must contain something more . . . than . . . a statement of facts that merely creates a suspicion
27 [of] a legally cognizable right of action." *Id.* (quoting 5 Charles Alan Wright & Arthur R.
28 Miller, *Federal Practice and Procedure* § 1216 (3d ed. 2004)).  While "a complaint need not

1  contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief
2  that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th
3  Cir. 2008) (quoting *Twombly*, 127 S. Ct. at 1974).

4  When analyzing a complaint for failure to state a claim under Rule 12(b)(6), "[a]ll
5  allegations of material fact are taken as true and construed in the light most favorable to the
6  non-moving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996).  In addition, the
7  Court must assume that all general allegations "embrace whatever specific facts might be
8  necessary to support them." *Peloza v. Capistrano Unified Sch. Dist.*, 37 F.3d 517, 521 (9th
9  Cir. 1994).  Although "a complaint need not contain detailed factual allegations," *Clemens*,
10 534 F.3d at 1022, the Court will not assume that the plaintiff can prove facts different from
11 those alleged in the complaint, *see Associated Gen. Contractors of Cal. v. Cal. State Council
12 of Carpenters*, 459 U.S. 519, 526 (1983); *Jack Russell Terrier Network of N. Cal. v. Am.
13 Kennel Club, Inc.*, 407 F.3d 1027, 1035 (9th Cir. 2005).  Similarly, legal conclusions
14 couched as factual allegations are not given a presumption of truthfulness, and "conclusory
15 allegations of law and unwarranted inferences are not sufficient to defeat a motion to
16 dismiss." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).

17 **II.     Analysis**

18 The EPA prohibits an employer from discriminating:

19       between employees on the basis of sex by paying wages to
         employees . . . at a rate less than the rate at which he pays wages
20       to employees of the opposite sex in such establishment for equal
         work on jobs the performance of which requires equal skill,
21       effort, and responsibility, and which are performed under similar
         working conditions, except where such payment is made
22       pursuant to . . . a differential based on any other factor other
         than sex . . . .
23
   29 U.S.C. § 206(d)(1).
24
   To recover under the EPA, a plaintiff is required to show that (1) the employer pays
25
   different wages to employees of the opposite sex; (2) the employees perform jobs that require
26
   substantially equal skill, effort, and responsibility; and (3)  the jobs compared are performed
27
   under similar working conditions. *Forsberg v. Pac. Nw. Bell Tel. Co.*, 840 F.2d 1409, 1414
28

- 3 -

1  (9th Cir. 1988); *see also Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1073-74 (9th Cir. 1999)
2  (stating that an EPA claim requires a showing that "employees of the opposite sex were paid
3  different wages for equal work"). When analyzing an EPA claim, the jobs being compared
4  need not be identical; instead, "a court should rely on actual job performance and content
5  rather than job descriptions, titles, or classifications." *Forsberg*, 840 F.2d at 1414.

6  Plaintiff contends that Defendant DBSI violated the EPA due to "a consistent practice
7  of paying Zoccoli (a female) wages at a rate less than the rate at which DBSI paid male
8  employees who worked in substantially similar positions." (Dkt. # 1 ¶ 2.) Defendant DBSI
9  directs only one argument at the adequacy of Plaintiff's Complaint. Defendant argues that
10 Plaintiff failed to plead that her employment at DBSI was a full-time position and her
11 employment at DBSI Real Estate was an "additional" part-time position. Defendant
12 apparently aims to establish that Plaintiff did not perform employment duties that entailed
13 the same effort or responsibility as Shepherd and Roesch's positions, or that Plaintiff's
14 position was not preformed under similar conditions to that of Shepherd and Roesch. Such
15 a dispute involves factual maters and is not appropriate on a motion to dismiss. The
16 Complaint sets forth facts sufficient to establish a prima facie EPA claim. In respect to
17 DBSI's argument, Plaintiff alleges that her position with DBSI required the same effort and
18 responsibility as the positions of Shepherd and Roesch, two male employees, and that her
19 work was performed under similar working conditions as the work of Shepherd and Roesch.
20 (Dkt. # 1 ¶¶ 16-18, 20-22.) Because Plaintiff pleads factual allegations sufficient to "raise
21 the right of relief above the speculative level," *Twombly*, 127 S. Ct. at 1965, Defendants'
22 motion to dismiss is denied. Accordingly, because the Court retains jurisdiction over
23 Plaintiff's EPA claim, the Court declines to dismiss Plaintiff's state law wage claim.

24 The majority of the arguments set forth in Defendants' briefs assail the truthfulness
25 of the factual allegations in Plaintiff's Complaint. Specifically, Defendants take issue with
26 the allegation that Plaintiff was paid less than Shepherd and Roesch and the inference that
27 Plaintiff's position is comparable to that of Shepherd and Roesch. (Dkt. # 5 at 5-6.)
28 Additionally, Defendant seeks to introduce evidence sufficient to show that the "joint

1 employers" exception of the Fair Labor Standards Act would apply. (*Id.*) However, any
2 argument that Plaintiff's factual allegations should not be credited or any argument which
3 relies on facts outside of the Complaint is, of course, not a proper basis for dismissing the
4 EPA claim under Rule 12(b)(6).

5 In their reply brief, Defendants argue that because they presented "matters outside the
6 pleading" to the Court, the Court was "empowered . . . to treat [the] Motion to Dismiss as a
7 Motion for Summary Judgment." (Dkt. # 13 at 2.) Further, Defendants state that because
8 Plaintiff failed to come forward with controverting evidence, Plaintiff's failure "must be
9 construed as a concession that the factual assertions [presented by Defendants] are true."
10 (*Id.*) Federal Rule of Civil Procedure Rule 12(d) allows a court to convert a motion to
11 dismiss to a motion for summary judgment, but, "all parties must be given a reasonable
12 opportunity to present all the material that is pertinent to the motion." If a party objects,
13 generally the Court will not grant a motion for summary judgment before discovery can be
14 completed. *See generally* Fed. R. Civ. P. 56(f); *Thi-Hawaii, Inc. v. First Commerce Fin.*
15 *Corp.*, 627 F.2d 991, 994 (9th Cir. 1980). In this case, Plaintiff responded to Defendants'
16 motion as it was styled – as a motion to dismiss under Rule 12(b)6). Plaintiff notes that
17 "factual disputes are not appropriate for a 12(b)(6) Motion to Dismiss" and responds
18 accordingly. Because Plaintiff was not given a reasonable opportunity to present its
19 evidence, and because Plaintiff objects to converting the motion, the Court declines to treat
20 Defendants' motion as one for summary judgment. The Court's conclusions do not render
21 the factual issues presented by Defendants moot and Defendants are free to reassert their
22 arguments in a timely-filed motion for summary judgment.
23 / / /
24 / / /
25 / / /
26
27 Because Plaintiff has properly plead a violation of the EPA,
28

- 5 -

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (Dkt. # 5) is **DENIED**.

**DATED this 23rd day of December, 2008.**

G. Murray Snow
United States District Judge